IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| **JASON TOWNS** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO.:** 4:19cv70-SA-JMV |
| **MISSISSIPPI DEPARTMENT OF CORRECTIONS, COMMISSIONER PELICIA E. HALL, IN HER OFFICIAL CAPACITY, MS STATE PENITENTIARY, SUPERINTENDENT MARSHAL TURNER, IN HIS OFFICIAL CAPACITY, DEPUTY WARDEN LEE SIMON, IN HIS OFFICIAL CAPACITY, K-9 OFFICER "JOHN" SHORTER, 5-9 OFFICER "JOHN" SANDERS, K-9 OFFICER "JOHN" PERRY, K-9 OFFICER "JOHN" WILSON, K-9 OFFICER "JOHN" FRISON, K-9 OFFICER "JOHN" HILTON, K-9 OFFICER "JOHN" SCOTT, ALL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES** | **DEFENDANTS** |

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW Jason Towns (hereinafter "Plaintiff"), by counsel, and files this, his *Complaint* against Defendants Mississippi Department of Corrections, Commissioner Pelicia E. Hall, In Her Official Capacity, MS State Penitentiary, Superintendent Marshall Turner, In His Official Capacity, Deputy Warden Lee Simons, In His Official Capacity, K-9 Officer "John" Shorter, K-9 Officer "John" Sanders, K-9 Officer "John" Perry, K-9 Officer "John" Wilson, K-9 Officer "John" Frison, K-9 Officer "John" Hilton, K-9 Officer "John" Scott, All In Their Individual and Official Capacities (hereinafter "Defendant MDOC," "Defendant Comm. Hall," "Defendant State Penitentiary," "Defendant Supt. Turner," "Defendant Dep. Warden Simon," "Defendant Officer Shorter," "Defendant Officer Sanders," "Defendant Officer Perry," "Defendant Officer Wilson," "Defendant Officer Frison," "Defendant Officer Hilton," "Defendant Officer Scott," or collectively "Defendants"), and would allege the following:

## PARTIES

1. Plaintiff is an adult resident citizen of the State of Mississippi, residing in Panola County, MS. At all times relevant herein, Plaintiff was an inmate of MDOC (MDOC# R9450) housed at the State Penitentiary in Parchman, MS.

2. Defendant MDOC is a governmental entity which may be served with process by service on Commissioner Pelicia E. Hall, located at 633 North State Street, Jackson, MS 39202. At all times herein, MS State Penitentiary is and was state entity incorporated under MDOC.

3. Defendant Comm. Hall is an adult resident citizen of the State of Mississippi, and she may be served at her place of employment, located at 633 North State Street, Jackson, MS 39202.

4. Defendant State Penitentiary is a state entity which may be served with process on its Superintendent Marshal Turner, at Hwy 49 West, Parchman, MS 38738 or 590 Parchman Road 12, Parchman, MS 38738.

5. Defendant Supt. Turner is an adult resident citizen of the State of Mississippi, employed as Superintendent at the State Penitentiary, and he may be served with process at his place of employment, at Hwy 49 West, Parchman, MS 38738 or 590 Parchman Road 12, Parchman, MS 38738.

6. Defendant Dep. Warden Simon is an adult resident citizen of the State of Mississippi, employed as Deputy Warden at MS State Penitentiary, and he may be served with process at his place of employment, at Hwy 49 West, Parchman, MS 38738 or 590 Parchman Road 12, Parchman, MS 38738.

7. Defendant Officer Shorter is an adult resident citizen of the State of Mississippi, employed with as correctional officer at the State Penitentiary, and he may be served with process at his place of employment, Hwy 49 West, Parchman, MS 38738 or 590 Parchman Road 12, Parchman, MS 38738.

8. Defendant Officer Sanders is an adult resident citizen of the State of Mississippi, employed with as correctional officer at the State Penitentiary, and he may be served with process at his place of employment, Hwy 49 West, Parchman, MS 38738 or 590 Parchman Road 12, Parchman, MS 38738.

9. Defendant Officer Perry is an adult resident citizen of the State of Mississippi, employed with as correctional officer at the State Penitentiary, and he may be served with process at his place of employment, Hwy 49 West, Parchman, MS 38738 or 590 Parchman Road 12, Parchman, MS 38738.

10. Defendant Officer Wilson is an adult resident citizen of the State of Mississippi, employed with as correctional officer at the State Penitentiary, and he may be served with process at his place of employment, Hwy 49 West, Parchman, MS 38738 or 590 Parchman Road 12, Parchman, MS 38738.

11. Defendant Officer Frison is an adult resident citizen of the State of Mississippi, employed with as correctional officer at the State Penitentiary, and he may be served with process at his place of employment, Hwy 49 West, Parchman, MS 38738 or 590 Parchman Road 12, Parchman, MS 38738.

12. Defendant Officer Hilton is an adult resident citizen of the State of Mississippi, employed with as correctional officer at the State Penitentiary, and he may be served with process at

his place of employment, Hwy 49 West, Parchman, MS 38738 or 590 Parchman Road 12, Parchman, MS 38738.

13. Defendant Officer Scott is an adult resident citizen of the State of Mississippi, employed with as correctional officer at the State Penitentiary, and he may be served with process at his place of employment, Hwy 49 West, Parchman, MS 38738 or 590 Parchman Road 12, Parchman, MS 38738.

## JURISDICTION and VENUE

14. This Court has jurisdiction over the subject matter herein pursuant to the provisions of §9-7-81 of the Mississippi Code of 1972, annotated, as amended in that all defendants are domiciled and/or incorporated in Mississippi.

15. This Court has *in personam* jurisdiction over the Defendants in that all defendants are residents of or do business in Sunflower County.

16. Venue is proper in this Court pursuant to §11-11-13 of the Mississippi Code of 1972, annotated, as amended, in that the incidents which gave rise to these claims occurred in Sunflower County, Mississippi.

17. Venue is proper in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391 since a substantial part of the events and omissions giving rise to this claim occurred in this judicial district.

## FACTS

18. At all times relevant herein, the actions involved in this case are the result of the official policy of Defendants MDOC and State Penitentiary, either of their implemented policy, or their gross negligence in failing to supervise their employees through their designees

Commissioner Hall and Superintendent Turner, or the Commissioners and Superintendent's gross negligence in the operation of the prison.

19. This is a claim for negligence filed by Plaintiff that resulted in significant injuries to his person, on or about August 3, 2016 while he was an inmate of MDOC and State Penitentiary housed in Unit 26.

20. On or about August 3, 2016, Plaintiff was in Unit 26 B (D-zone) when Defendant Officers Shorter, Sanders, Perry, Wilson, and Frison entered and instructed everyone to get on their racks.

21. Plaintiff was then instructed by Defendant Officer Perry to get up and walked Plaintiff to the showers as Defendant Officers Shorter, Sanders, Wilson, and Frison surrounded him.

22. Defendant Officer Perry pushed Plaintiff into the shower with his back facing the wall and began choking him and slapped Plaintiff in the face. At the same time, Defendant Officer Frison watched as Officer Perry assaulted Plaintiff. Officer Frison joined the torment by getting in Plaintiff's face alongside Officer Perry as he opened and closed his black pocket knife, ensuring that Plaintiff saw his actions.

23. Finally the officers stopped their vicious assault, but as Plaintiff walked out of the shower, Defendant Officer Perry pointed his finger in Plaintiff face, threatening to kill him if he told anyone about the subject incident.

24. Plaintiff hesitated about reporting the incident, but decided to inform the officer at the desk (Ms. "Jane" Powell) that he had been assaulted by the Defendant officers and requested medical assistance. Lt. E. Giles got Plaintiff a transfer to Unit 42 hospital.

25. As Plaintiff sat in the holding cell with approximately 20 other inmates, Deputy Warden Simon walked through but failed to acknowledge Plaintiff at that time.

26. Approximately five minutes later, Defendant Officer Hilton, Perry, Shorter, Frison, Wilson, Scott, and Sanders walked through verbally and mentally harassing Plaintiff with their statements of "tick tick." The Defendant Officers obtained the keys to the holding cell and Officer Shorter opened the cage, entered, and instructed Plaintiff to get his "ass" up and called him a "bitch" as he hit Plaintiff in the head with his fist.

27. Plaintiff fell to the floor, and Defendant Officers instructed the other inmates in the holding cell to turn their backs and put their hands on the wall so they would not see what was happening. Everyone was still looking.

28. Defendant Officer Shorter started to choke Plaintiff again, beat him in the head over and over while calling him "bitches", kicking his side, legs, and back, and throwing Plaintiff to the floor. Officer Shorter bragged about the brutal beating he was administering to Plaintiff by saying "this is how you beat a bitch, put him to sleep, then wake his ass back up." Upon completion of his malicious statement, Shorter punched Plaintiff in the face again.

29. Once Defendant Officers finished the beating of Plaintiff, Officer Shorter took Plaintiff ID badge and made one final threat before leaving the cell.

30. Thereafter, Plaintiff was taken to the see the doctor. As Plaintiff waited on the nurse to enter, Defendant Officers Shorter, Frison, Wilson, Perry, Sanders, and Scott came back in to the room and attempted to get Plaintiff to move to another room where they would force him to sign a RVR stating that they found contraband within his possession. Plaintiff begged Dr. Brown and the nurse (V. Thomas) not to let them beat him anymore. Plaintiff refused to sign the RVRs and Defendant Officers left.

31. An investigation was conducted by CID John Hunt and Bobo where Plaintiff provided his statement and photographs of his injuries were taken.

32. Later on the evening of August 3, 2016, Plaintiff returned back to unit 26 B Building D-zone.

33. On August 4, 2016, Lt. Giles told Plaintiff that she stopped the Defendant Officers from returning to do anything else to him because she was not going to cover it up, but she would report their actions. Plaintiff was transferred back to Unit 42 hospital around 6:00 p.m.

34. On August 5, 2016, Plaintiff was transferred to C.M.C.F. (Central MS Correctional Facility).

35. Defendants' failure to acquire the necessary training resulted in severe injuries to Plaintiff.

36. Due to Defendants' apparent position/status, lack of concern and care, failure to screen and observe per their departments' policies and procedures, and failure to properly monitor the actions, well-being and safety of all inmates.

37. As a result of the above negligent conduct, Defendants' behavior amounted to "deliberate and reckless indifference" to the well-being and safety of Plaintiff.

38. Defendants' deliberate and reckless indifference for Plaintiff's life caused his injuries and damages.

## COUNT ONE
## INJUNCTION PROHIBITING FUTURE CONDUCT
## OF A SIMILAR CHARACTER, KIND OR NATURE

39. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

40. Plaintiff is entitled to, and hereby requests, an injunction prohibiting the Defendants from committing conduct of the like, kind, character, or nature as that demonstrated and described in this complaint at any time in the future within the jurisdiction of this Court.

## COUNT TWO
## NEGLIGENCE/GROSS NEGLIGENCE

41. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

42. The Defendants, Superintendent Turner, Dep. Warden Simon, Officers Shorter, Sanders, Perry, Wilson, Frison, Hilton, and Scott, were grossly negligent and/or acted in reckless disregard in failing to properly monitor inmates' well-being and safety at the State Penitentiary.

43. As a direct and proximate result of the Defendants' negligence, grossly negligent, and/or reckless acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT THREE
## NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE CORRECTIONAL OFFICERS INVOLVED

44. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

45. Defendants MDOC, Comm. Hall, State Penitentiary, Supt. Turner, and Dep. Warden Simon were grossly negligent and/or wanton in failing to monitor the actions of the Defendant Officers Shorter, Sanders, Perry, Wilson, Frison, Hilton, and Scott. They further negligently and/or wantonly failed to train the aforementioned Defendants to properly monitor inmates, specifically Plaintiff and other similarly situated individuals. All Defendants negligently and/or wantonly failed to properly follow and/or apply their own facility's regulations, policies, and procedures, as well as state law generally. Defendants MDOC, Comm. Hall, State Penitentiary, Supt. Turner, and Dep. Warden Simon failed to

properly train and supervise the actions of Defendant Officers Shorter, Sanders, Perry, Wilson, Frison, Hilton, and Scott.

46. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FOUR
## CIVIL ASSAULT AND BATTERY

47. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

48. Defendants are liable for civil assault and battery. Plaintiff alleges that Defendants Shorter, Sanders, Perry, Wilson, Frison, Hilton, and Scott intentionally, with reckless disregard and/or negligently inflicted extreme emotional distress upon his mind, spirit, and body by forcefully beating, punching, choking, and kicking Plaintiff for several minutes during each incident. Defendants caused the Plaintiff to suffer from emotional problems and mental anxiety as well as bodily pain and suffering.

49. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct.

50. As a direct and proximate result of aforementioned Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT FIVE
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

52. Plaintiff alleges that the Defendants intentionally, negligently, and with reckless disregard inflicted extreme emotional distress upon his mind, spirit, and body. By condoning and/or ratifying the acts of the Defendant officers involved, the Defendants have caused the Plaintiff to suffer from emotional problems and mental anxiety.

53. The reprehensible acts of the Defendants demonstrate grossly negligent, oppressive, and reckless conduct. These Defendants conspired to protect their own interest and reputations, and to disregard the Plaintiff's rights to the detriment of the Plaintiff.

54. As a direct and proximate result of the Defendants' negligent, grossly negligent, reckless, and/or intentional acts and/or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial heron.

## COUNT SIX
## BYSTANDERS' LIABILITY

55. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

56. Defendant Officers Sanders, Perry, Wilson, Frison, Hilton, and Scott were liable when they idly stood by, supported, and witnessed Defendant Officer Shorter intentionally and negligently inflict extreme emotional distress upon Plaintiff's mind, spirit, and body by brutally choking, punching, and kicking Plaintiff while in handcuffs.

57. As a direct and proximate result of the aforementioned Defendants' negligence, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## COUNT SEVEN
## EXCESSIVE FORCE

58. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

59. Plaintiff would show unto the Court the Defendants took actions to deprive Plaintiff of his 4th Amendment protection against excessive force.

## COUNT EIGHT
## RECKLESS DISREGARD

60. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

61. Plaintiff would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of Plaintiff.

## COUNT NINE
## VIOLATION OF FEDERAL DUE PROCESS, EQUAL PROTECTION, CIVIL RIGHTS LAWS UNDER 42 U.S.C. §1983 AND 28 U.S.C. §1343 et al.

62. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

63. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights, took actions to deprive Plaintiff of his due process rights and equal protection rights.

64. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and/or hereinafter.

## PRAYER OFR APPROPRIATE RELIEF

65. Plaintiff re-alleges and incorporates each and every preceding paragraph as if fully set forth herein.

66. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of the Defendants named herein, the Plaintiff has suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

67. All Defendants are jointly and severally liable to the Plaintiff for the damages: injuries to the head, neck, back, legs, and body as a whole; past, present and future pain, suffering and mental and emotional anguish, and all other damages to be proved at trial.

68. Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein an amount to be determined by this Court.

69. The acts of the Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for the rights of the Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling the Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi law, pre-judgment interest, post judgment interest, attorney's fees, *Veasley* type damages, and all costs of this proceeding with such final amount being at least $500,000.00 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury under any applicable state or federal law and guidelines.

Respectfully submitted, this the 24th of April, 2019.

JASON TOWNS, Plaintiff

By: _____

Carlos E. Moore, MSB# 100685

OF COUNSEL:

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com