# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**JASON TOWNS**                                                      **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 4:19-CV-70-SA-JMV**

**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS, ET AL.**                                          **DEFENDANTS**

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**COMES NOW** Plaintiff, Jason Towns, by and through his attorney of record, and files this, *Memorandum in Support of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss*. Plaintiff moves this Honorable Court to deny the motion to dismiss and requests a hearing on said motion, and as grounds therefore, would states as follows:

### INTRODUCTION

This is an action brought due to the negligence of Defendants, which caused Jason Towns ("Plaintiff") significant injuries. Plaintiff was an inmate with the Mississippi Department of Corrections ("Defendant MDOC") and Mississippi State Penitentiary ("Defendant Penitentiary") housed in Unit 26. On August 3, 2016, Plaintiff was in Unit 26 when Officer Shorter ("Defendant Shorter), Officer Sanders ("Defendant Sanders"), Officer Perry ("Defendant Perry"), Officer Wilson ("Defendant Wilson"), and Officer Frison ("Defendant Frison") entered the unit and instructed all of the inmates in such to get on their racks. Thereafter, Defendant Perry walked Plaintiff to the showers as Defendant Shorter, Defendant Sanders, Defendant Wilson, and Defendant Frison surrounded him.

Defendant Perry pushed Plaintiff into the shower, choked Plaintiff, and slapped Plaintiff's face. Then, Defendant Frison open and closed his pocketknife and ensured Plaintiff

1

witnessed the same. The officers halted their assault, but as Plaintiff walked out of the shower, Defendant Perry pointed his finger in Plaintiff's face and threatened to kill Plaintiff if Plaintiff told anyone about the incident. Plaintiff later informed an officer of the actions of the above named officers and requested medical assistance. Plaintiff was transferred to the Unit 42 hospital. Upon transfer, Plaintiff sat in the holding cell with twenty (20) other inmates. Deputy Warden Simon ("Defendant Simon") walked through, but failed to acknowledge Plaintiff.

Approximately five minutes later, Defendant Officer Hilton ("Defendant Hilton"), Defendant Perry, Defendant Shorter, Defendant Frison, Defendant Wilson, Officer Scott ("Defendant Scott"), and Defendant Sanders (hereafter collectively referred to as "Defendant Officers") walked through verbally and mentally harassing Plaintiff with their statement of "tick tick". Defendant Officers obtained the keys to the holding cell, Defendant Shorter opened the cell, entered, instructed Plaintiff to get his "ass" up, and called him a "bitch" as he hit Plaintiff on Plaintiff's head with his fist. Plaintiff fell to the floor.

Defendant Shorter choked Plaintiff, beat Plaintiff on the head repeatedly while calling Plaintiff a "bitch", and repeatedly kicked Plaintiff's side, legs, and back. Defendant Shorter stated, "This is how you beat a bitch, put him to sleep, then wake his ass back up." Then, Defendant Shorter punched Plaintiff's face. Defendant Officers beat Plaintiff and, thereafter, Defendant Shorter took Plaintiff's identification badge and made one final threat before Defendant Officers left the cell. Subsequently, Plaintiff was taken to a doctor.

As Plaintiff waited on the nurse to arrive, Defendant Shorter, Defendant Frison, Defendant Wilson, Defendant Perry, Defendant Sanders, and Defendant Scott entered the room and attempted to force Plaintiff to sign a Rule Violation Report ("RVR") stating that the officers found contraband within Plaintiff's possession. Plaintiff refused to sign the RVR, begged the

doctor and nurse not to allow Defendant Officers to beat him, and the officers left the room. An investigation was conducted in which Plaintiff provided statements regarding the incident and photographs of Plaintiff's injuries were taken. Later than evening, Plaintiff returned to Unit 26.

On August 5, 2016, Plaintiff was transferred to the Central Mississippi Correctional Facility ("CMCF"). On May 2, 2019, Plaintiff filed suit against Defendant MDOC, Commissioner Hall, Defendant Penitentiary, Superintendent Turner, Defendant Simon, and Defendant Officers for (1) an injunction prohibiting future conduct of similar character, kind, or nature; (2) negligence/gross negligence; (3) negligent, grossly negligent, and wanton failure in hiring and to monitor, train, and supervise the correctional officers involved; (4) civil assault and battery; (5) intentional and/or negligent infliction of emotional distress; (6) bystanders' liability; (7) excessive force; (8) reckless disregard; and (9) violation of federal due process, equal protection, and civil rights laws under 42 U.S.C. Section 1983 and 28 U.S.C. Section 1343 et al. Additionally, Plaintiff requested compensatory and punitive damages for injuries Plaintiff sustained.

On July 17, 2019, Defendants filed a motion to dismiss alleging sovereign immunity, the inmate exemption of the Mississippi Tort Claims Act, and that Plaintiff's claim for injunctive relief is moot. As outlined below, Plaintiff adequately stated the aforementioned claims in the complaint and such claims are supported by facts consistent with the assertions in the complaint. Defendants are not entitled to dismissal of this action and Plaintiff is entitled to injunctive relief. Therefore, Defendants' *Motion to Dismiss* should be denied.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Moreover, motions filed under Rule 12(b)(1) of the FRCP allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court may dismiss for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

## ARGUMENT AND AUTHORITIES

### I. The Eleventh Amendment does not preclude Defendants from suit.

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *U.S. Const. Amend. XI*. The Fifth Circuit has stated, "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (internal citations omitted). "The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002) (citation omitted). "This immunity also extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." *New Orleans*

4

*Towing Ass'n, Inc. v. Foster*, 248 F.3d 1143, 2001 WL 185033, at *3 (5th Cir. Feb. 6, 2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Ky. v. Graham*, 473 U.S. 159, 166 (1985)).

To overcome Eleventh Amendment immunity, the plaintiff must bring an action grounded in federal law for monetary relief that is "ancillary" to injunctive relief against named state officials. *Edelman v. Jordan*, 415 U.S. 651, 667–68 (1974). Plaintiff's Section 1983 claims for injunctive relief are permitted only if brought against the appropriate state officials and seeking prospective relief to end a continuing violation of federal law. *Walker v. Livingston*, 381 F.3d 477, 478 (5th Cir.2010) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 73 (1996) (citing *Ex parte Young,* 209 U.S. 123 (1908))). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in judgment).

In this matter, Plaintiff is urging the court to prohibit Defendants from committing conduct of the like, kind, character, or nature demonstrated and described in Plaintiff's complaint at any time in the future within the jurisdiction of this court. The conduct indicated in Plaintiff's complaint include Defendants depriving Plaintiff of his Fourth Amendment right against excessive force and his Fourteenth Amendment right to due process and equal protection.[1] "The right to be free of state-occasioned damage to a person's bodily integrity is protected by the Fourteenth Amendment's guarantee of due process." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 451 (5th Cir. 1994). Plaintiff asserted the aforementioned conduct under 42 U.S.C. Section

---

[1] "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." *U.S. Const. Amend. XIV §1.*

1983.[2] Additionally, Plaintiff requests monetary relief, which includes compensatory and punitive damages.

While an inmate with Defendant MDOC and Defendant Penitentiary, Defendant Officers pushed, punched, chocked, slapped, beat, and verbally and mentally abused Plaintiff causing Plaintiff significant injuries. Defendant Officers threatened to kill Plaintiff if Plaintiff told anyone about the same. Plaintiff informed other officers, medical staff, and administration with Defendant MDOC and Defendant Penitentiary about the subject incident. An investigation was conducted in which Plaintiff provided statements regarding the incident and photographs of Plaintiff's injuries were taken.

Plaintiff had not violated any rules, was not insubordinate or menacing, and did not provoke the actions of Defendant Officers. No other inmate received the egregious treatment by Defendant Officers. Moreover, Defendant Officers received no penalty for their blatant abuse, harassment, and unequal treatment of Plaintiff. No measures were taken by Defendant Penitentiary, Defendant MDOC, or its administration to ensure the above-mentioned actions of Defendant Officers or any other officer with Defendant MDOC and Defendant Penitentiary did not occur or will not occur again. Therefore, injunctive relief in this matter is necessary.

Defendants allege that injunctive relief is moot, as Plaintiff is no longer incarcerated. However, this notion is erroneous. As aforementioned, Defendant Officers advised Plaintiff that he would be killed if he told anyone about the subject incident. Thus, if Plaintiff is incarcerated in the future or is in close proximity of Defendant Officers, death is imminent. This injunction will not only protect Plaintiff, but will safeguard other inmates from the abuse of Defendant

---

[2] Suits may be brought under 42 U.S.C. § 1983, which creates a federal cause of action for violation of "rights" secured by the federal laws and the Constitution.

Officers and the omissions of Defendant Penitentiary, Defendant MDOC and its administration. As such, Defendants' motion to dismiss should be denied.

### II. Officers and employees of the Mississippi Department of Corrections, in their official capacities, are liable for violation of Plaintiff's constitutional rights.

A suit against an employee in his or her official capacity is a suit against the entity of which the official is an agent. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). However, an "exception" to immunity exists for suits seeking prospective injunctive relief against state employees in their official capacities. Under *Ex Parte Young*, the exception applies only if a suit alleging violations of federal law is "brought against individual persons in their official capacities as agents of the state, and the relief sought [is] declaratory or injunctive in nature and prospective in effect." *Ex Parte Young*, 209 U.S. 123 (1908); *Aguilar v. Texas Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir.1998).

As illustrated above, Defendant Officers, Defendant Penitentiary, Defendant MDOC and its administration violated Plaintiff's Fourth Amendment right against excessive force and his Fourteenth Amendment right to due process and equal protection. Defendant Officers' egregious conduct (including beating and threatening to kill Plaintiff), and the administration of Defendant MDOC and Defendant Penitentiary allowing the same, requires injunctive relief in order to protect the life and liberty of Plaintiff and the like. Consequently, Defendants' motion to dismiss should be denied.

### III. The Mississippi Tort Claims Act does not bar Plaintiff's state law claims.

The Mississippi Tort Claims Act ("MTCA") provides the exclusive remedy for any claim based in tort against a governmental entity and its employees. *Miss. Code. Ann. § 11–46–7.* Mississippi Code Annotated § 11-46-7(1) provides,

> The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity...and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

Defendants attempt to avoid liability for their violation of Plaintiff's constitutional rights by alleging Plaintiff's claims are barred by statute of limitations and inmate exceptions. However, these contentions are flawed. In accordance with Mississippi Code Annotated § 11-46-11(3)(a), actions brought under the MTCA must be filed within one year of the alleged actionable conduct. Plaintiff initially asserted his state law claims against Defendants on December 28, 2016.[3] On January 11, 2018, the court mailed notice of incomplete process to Plaintiff's address of record; however, prior to this date, Plaintiff had been released from the custody of Defendant Penitentiary. Thus, the notice of incomplete process [Doc. 3] was returned as undeliverable. [Doc. 4]. Thereafter, this court dismissed Plaintiff's claims against Defendants without prejudice for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b).

On July 13, 2018, Plaintiff obtained his counsel of record and an *Entry of Appearance* was filed. Plaintiff's claims were dismissed before the litigating process began. The sole grounds for the dismissal was Plaintiff's failure to prosecute (incomplete process). As previously stated, Plaintiff was not privy to the requirements of L.U. Civ. R. 11(a). As Plaintiff's allegations are very serious as his constitutional rights were violated because of the subject incident and Plaintiff

---

[3] See docket for Civil Action No. 4:16-cv-00254-DMB-DAS, United States District Court. Northern District of Mississippi (Greenville Division), via Case Management/Electronic Case Files system.

would suffer manifest injustice if not permitted to seek recourse for Defendants conduct and omissions, Plaintiff refiled the case on May 2, 2019.

As Plaintiff's actions were initially filed within the one-year statute of limitations and the case was dismissed due to no fault or bad faith of Plaintiff, Plaintiff's state law claims against Defendants should not time barred. Additionally, Plaintiff asserts that this matter is a special circumstance that should circumvent the MTCA inmate exemption. Plaintiff seeks justice in this matter for damages sustained by Defendants actions. The actions included being brutally beaten and terrorized while an inmate by Defendant Officers and no recourse for the same by Defendant Penitentiary, Defendant MDOC and its administration. Currently, Plaintiff suffers from post-traumatic stress disorder and uncertainties regarding his well-being as Defendant Officers advised him that he would be killed. The inmate exception prevents Plaintiff from receiving adequate compensation for his injuries caused by Defendants and allows Defendants to avoid liability. Therefore, the inmate exception is not appropriate in this matter. As such, the Defendants' motion to dismiss should be denied.

## CONCLUSION

Plaintiff adequately stated the aforementioned claims in the complaint and such claims are supported by facts consistent with the assertions in the complaint. Defendants are not entitled to dismissal of this action and Plaintiff is entitled to injunctive relief. Therefore, Defendants' *Motion to Dismiss* should be denied.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this Honorable Court will deny Defendants' *Motion to Dismiss*. Plaintiff also prays for all other general relief this Court deems to be fair and just.

Respectfully submitted, this the 31st day of July 2019.

9

**JASON TOWNS**

/s/ Carlos Moore_____
CARLOS MOORE, MSB #100685


**OF COUNSEL:**
**THE COCHRAN FIRM**
**306 Branscome Drive**
**Grenada, Mississippi 38901**
**Telephone: 662-227-9940**
**Fax: 662-227-9941**
**Carlos@tuckermoorelaw.com**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing pleading was transmitted via EFC to the following counsel of record:

J. Chadwick Williams
Special Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
cwill@ago.state.ms.us
ATTORNEY FOR DEFENDANTS

**This the 31st day of July 2019.**

/s/ Carlos Moore_____
Carlos Moore, MSB #100685