IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON TOWNS                                                                                   PLAINTIFF

V.                                                                CIVIL ACTION NO. 4:19-CV-70-SA-JMV

MISSISSIPPI DEPARTMENT
OF CORRECTIONS, et al.                                                          DEFENDANTS

ORDER AND MEMORANDUM OPINION

      Jason Towns initiated this civil action on May 2, 2019, by filing his Complaint [1] against the Mississippi Department of Corrections ("MDOC"), MDOC Commissioner Pelicia Hall, the Mississippi State Penitentiary ("MSP"), MSP Superintendent Marshal Turner, MSP Deputy Warden Lee Simon, and numerous MSP Correctional Officers. On July 17, 2019, the Defendants filed a Motion to Dismiss [21], which has been fully briefed and is now ripe for review.

*Factual and Procedural Background*

      At all times relevant to this action, Towns was an inmate of MDOC housed at the Mississippi State Penitentiary in Parchman, Mississippi. According to Towns, on August 3, 2016, while he was housed in MSP Unit 26 B, MSP Officers Shorter, Sanders, Perry, Wilson, and Frieson entered the unit. Officer Perry instructed Towns to walk to the shower area. After Towns complied, the Officers surrounded him, and Officer Perry pushed him into the showers. With Towns' back forced against the wall, Officer Perry began choking and slapping him. At this time, Officer Frieson opened and closed a pocketknife in Towns' face, apparently attempting to intimidate him. The Officers then permitted Towns to leave the shower area but threatened to kill him if he told anybody about the incident.

      Towns reported the incident to another MSP Officer and was thereafter transferred to the hospital in Unit 42 to receive medical treatment. While Towns sat in a holding cell with

approximately twenty other inmates, Officers Hilson, Perry, Shorter, Frieson, Wilson, Scott, and Sanders allegedly walked through the area and made verbal threats toward him. Towns alleges that the Officers then entered the holding cell, and Officer Shorter punched Towns in the head, causing him to fall to the floor. Officer Shorter then purportedly choked, kicked, and punched Towns while he was on the floor.

After the Officers left the holding cell, Towns was taken from the cell to a private room to wait for a nurse. While Towns waited on a nurse, Officers Shorter, Frieson, Wilson, Perry, Sanders, and Scott came to his room and attempted to force him to sign a Rule Violation Report ("RVR") admitting that the Officers had found contraband in his possession. After Towns refused to sign the RVR, the Officers begrudgingly left. Towns received medical treatment and ultimately returned to Unit 26 B later that evening. However, Towns was transferred back to the Unit 42 Hospital around 6:00 p.m. the following evening and was ultimately transferred from MSP to the Central Mississippi Correctional Facility the next day.

On May 2, 2019, Towns filed his Complaint [1] in this Court against MDOC, MDOC Commissioner Hall (in her official capacity only), MSP, MSP Superintendent Turner (in his official capacity only), MSP Deputy Warden Simon (in his official capacity only), and MSP Correctional Officers Shorter, Sanders, Perry, Wilson, Frieson, Hilson, and Scott (in their official and individual capacities). In addition to a litany of state law claims against the MSP Officers for negligence, assault, battery, and intentional/negligent infliction of emotional distress, Towns asserts Section 1983 claims based upon purported violations of his Fourth and Fourteenth Amendment rights. He also seeks to impose liability against MDOC, MDOC Commissioner Hall, MSP, MSP Superintendent Turner, and MSP Deputy Warden Simon for negligent hiring and failure to properly monitor, train, and supervise the Officers. Towns also requests that the Court

grant an injunction "prohibiting the Defendants from committing conduct of the like, kind, character, or nature as . . . described in [the] complaint at any time in the future[.]" *See* Complaint [1].

On July 17, 2019, the Defendants filed a Motion to Dismiss [21] based upon lack of subject matter jurisdiction.[1] In their Motion, the Defendants argue that the claims must be dismissed because the Court lacks subject matter jurisdiction over this action pursuant to the Eleventh Amendment. The Defendants also contend that neither MDOC nor MSP is a "person" amenable to suit under Section 1983, that Towns' state law claims are barred by the "inmate exception" to the Mississippi Tort Claims Act and the applicable statute of limitations, and that Towns' claim for injunctive relief is moot, in light of the fact that he has been released from MDOC custody.

*Standard of Review*

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject jurisdiction. *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Under Rule 12(b)(1), a claim should be dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the claim." *Id*. (citations omitted). Stated differently, "[f]ederal courts are courts of limited jurisdiction; therefore, they have the power to adjudicate claims only when jurisdiction is conferred by statute or the Constitution." *Brown v. Peterson*, 2006 WL 349805, *4 (N.D. Tex. Feb. 3, 2006) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)).

---

[1] The Motion to Dismiss [21] was jointly filed by all defendants. However, the MSP Officers only seek dismissal as to the claims asserted against them in their official capacity. They do not seek relief for the claims asserted against them in their individual capacity.

3

Motions to dismiss for lack of subject matter jurisdiction "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1106, 1010 (5th Cir. 1998) (citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992)). However, "the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. U.S.*, 899 F. Supp. 305, 307 (E.D.Tex. 1995)).

*Analysis and Discussion*

As set forth above, the Defendants contend that Towns' claims should be dismissed based upon Eleventh Amendment immunity. They further assert that MDOC and MSP are not proper defendants for Section 1983 purposes and that Towns' state law claims are barred by the Mississippi Tort Claims Act and the applicable statute of limitations.

*I. Eleventh Amendment Immunity*

The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Although the Eleventh Amendment's language does not address suits against a State by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974).

The Eleventh Amendment acts to bar an individual "from suing a state in federal court unless the state consents to suit or Congress has clearly abrogated the state's sovereign immunity."

4

*Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). The Eleventh Amendment bars both federal and state law claims against a state in federal court. *Yul Chu v. Miss. State Univ.*, 901 F. Supp. 2d 761, 771 (N.D. Miss. 2012) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-21, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)); *Kirk v. Miss. Dep't of Pub. Safety*, 2016 WL 10293382, at *4 (S.D. Miss. May 26, 2016) ("[T]he immunity provided by the Eleventh Amendment applies to both federal and state law claims.").

Importantly, the immunity "protects not only states from suit in federal court, but also 'arms of the state.'" *U.S. Oil Recovery Site Potential Responsible Parties Group v. R.R. Comm'n of Tex.*, 898 F.3d 497, 501 (5th Cir. 2018) (quoting *Richards v. S. Univ.*, 118 F.3d 450, 452-54 (5th Cir. 1997)). Thus, "[t]he state need not be the named party in a federal lawsuit, for a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez*, 307 F.3d at 326. Furthermore, the immunity "extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself." *Yul Chu*, 901. F. Supp. 2d at 771 (quoting *New Orleans Towing Ass'n, Inc. v. Foster*, 248 F.3d 1143 (5th Cir. 2012)) (additional citations omitted).

Although the State of Mississippi is not named as a party in this action, the Defendants nevertheless assert Eleventh Amendment immunity on the basis that MDOC is an "arm of the state." Thus, the Defendants contend that Towns' claims against MDOC and the official capacity defendants are effectively claims against the State. The Fifth Circuit has set forth six factors to consider in determining if an entity is an "arm of the state" for Eleventh Amendment purposes:

> (1) whether state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

5

*Perez*, 307 F.3d at 326-27. "No one factor is dispositive, though we have deemed the source of an entity's funding a particularly important factor because a principal goal of the Eleventh Amendment is to protect state treasuries." *Id.* at 327 (citing *Hudson v. City of New Orleans*, 174 F.3d 677, 682 (5th Cir. 1999)). To that end, "[a]n entity need not show that all of the factors are satisfied; the factors simply provide guidelines for courts to balance the equities and determine if the suit is really one against the state itself." *Id.*

The Defendants contend that an application of the six factors establishes that MDOC is an "arm of the state" for Eleventh Amendment purposes. In so doing, the Defendants first cite Mississippi Code Section 47-5-1, which provides that "[i]t shall be the policy of this state that the correctional system shall be operated and managed in the most efficient and economical manner possible. The Mississippi Department of Corrections shall so manage and operate the correctional system in that manner[.]" Miss. Code Ann. § 47-5-1. The Defendants also emphasize that the District Court for the Southern District of Mississippi has specifically held that "[t]he MDOC is an agency of the State of Mississippi as created by the statutes thereof[.]" *Scott v. Miss. Dept. of Corr.*, 2006 WL 1666258, *2 (S.D. Miss. June 12, 2006). Also, the Defendants point out that MDOC is responsible for confinement of prisoners on a statewide level, as opposed to a local level. Finally, the Defendants emphasize that MDOC is statutorily authorized to hold and use property. *See* Miss. Code Ann. § 47-5-5 ("The commissioner is authorized to receive and disburse private and public grants, gifts and bequests which may be available to this state for correctional facilities, offender rehabilitation purposes and related purposes[.]").

Towns makes no argument in opposition to the Defendants' argument that an application of the six factors weigh in their favor. Considering the Defendants' argument and Towns' apparent concession on this point, along with the abundance of case law which supports the Defendants'

position, the Court finds that MDOC is an "arm of the state" for Eleventh Amendment purposes. *See, e.g., Wedgeworth v. Miss.*, 2018 WL 1463496, at *4 (S.D. Miss. Mar. 23, 2018) ("MDOC is considered an arm of the State of Mississippi.") (citations omitted); *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 671, 678 (N.D. Miss. 2013) ("MDOC is responsible for managing and operating the correctional system for the State, and thus is an arm of the State."). Likewise, MDOC Commissioner Hall, MSP Superintendent Marshal Turner, MSP Deputy Warden Lee Simon, and the numerous MSP Officers named in their official capacity are also "arms of the state" for purposes of Eleventh Amendment immunity. *Jones*, 971 F. Supp. 2d at 677 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").[2]

## II. Exceptions to Eleventh Amendment Immunity

Having found that MDOC and the official capacity defendants are "arms of the state," they "are entitled to Eleventh Amendment immunity unless Congress has validly abrogated the State's sovereign immunity, the State has waived sovereign immunity or consented to suit, or the *Ex parte Young* doctrine renders the State amenable to suit[.]" *Jones*, 971 F. Supp. 2d at 679. In the absence of one of these exceptions, Eleventh Amendment immunity bars Towns' claims against MDOC and the official capacity defendants. *Id*.

---

[2] The Defendants contend that MSP is not a proper defendant because it is not a "person" for Section 1983 purposes. Towns does not dispute the Defendants' argument on this point. It is well-settled that MDOC is not a "person" for purposes of Section 1983. *See, e.g., Parks v. MDOC*, 2014 WL 232008, at *3 (S.D. Miss. Jan. 22, 2014) ("[A]s MDOC points out, it is not a 'person' for purposes of liability under § 1983."). It is also well-settled that a prison, jail, or correctional facility itself is not a "person" amenable to suit. *Walker v. Hodge*, 1993 WL 360996, at *2, n. 2 (noting that a county jail was "not a legal entity"). Although the Defendants have not cited any cases specifically addressing MSP in this context, the Court finds that the fact that courts have held that MDOC, as well as other prisons, jails, and correctional facilities, is not a "person" for Section 1983 purposes sufficient to establish that MSP, a prison which is a part of MDOC, is not a proper defendant. Towns' claims against MSP are therefore dismissed.

7

*a. Abrogation and Waiver/Consent*

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez*, 307 F.3d at 326 (citations omitted).

"Abrogation applies only if Congress has unequivocally expressed its intent to abrogate a state's sovereign immunity and is acting pursuant to a valid exercise of power." *Yul Chu*, 901 F. Supp. 2d at 773 (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 2525 (1996)). Citing the United States Supreme Court, this Court has previously recognized that "Section 1983 does not explicitly indicate Congress's intent to abrogate a state's Eleventh Amendment immunity from suit." *Id*. (citing *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979); *Edelman*, 415 U.S. 651); *Jones*, 971 F. Supp. 2d at 679 ("[N]either § 1983 or § 1985 abrogate the State's Eleventh Amendment immunity from this suit."). In other words, Section 1983 itself is not an abrogation of a state's sovereign immunity. *Id*.

Similarly, the State of Mississippi has not consented or waived immunity as to claims brought against it in federal court. *See* Miss. Code Ann. § 11-46-1, et. seq. In fact, the Mississippi Legislature has explicitly indicated its intent to preserve the State's immunity for suits brought in federal court. Miss. Code Ann. § 11-46-5(4) ("Nothing in this chapter shall be construed in waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

Towns does not argue that Congress has abrogated Eleventh Amendment immunity nor does he argue that the State of Mississippi has consented or waived its immunity. In light of Towns' concession on this point, as well as the above-referenced authorities, the Court finds that Congress has not abrogated the State of Mississippi's immunity and that the State of Mississippi has not

consented to suit in federal court. Neither of these exceptions to Eleventh Amendment immunity is applicable.

### b. *Ex parte Young* Doctrine

The *Ex parte Young* doctrine has been long been recognized as an "exception to Eleventh Amendment sovereign immunity[.]" *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (citing *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)). "The *Young* exception is a legal fiction that allows private parties to bring 'suits for injunctive or declaratory relief against individual state officials acting in violation of federal law.'" *Id*. (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013)). In order to determine whether the *Ex parte Young* doctrine is applicable, the Court need not examine the merits of the claim but "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Id*. at 988 (quoting *Va. Office for Prot. and Advocacy v. Stewart*, 563 U.S. 247, 255, 131 S. Ct. 1632, 179 L. Ed. 2d 675 (2011)).

The Defendants contend that the *Ex parte Young* doctrine is inapplicable since Towns is no longer incarcerated. Specifically, the Defendants argue that "[o]ne of the requirements for the applicability of *Ex [p]arte Young* . . . is that a complaint must allege that the defendant is violating federal law, not simply that the defendant has done so. Here, because none of the alleged violations are ongoing, *Ex parte Young* is not applicable." Def.'s Memorandum [22] (citations omitted). On the other hand, Towns contends that the violation is ongoing. According to him, "Defendant Officers advised Plaintiff that he would be killed if he told anyone about the subject incident. Thus, if Plaintiff is incarcerated in the future or is in close proximity of Defendant Officers, death is imminent." Pl.'s Memorandum [26]. The parties' dispute therefore concerns whether Towns has alleged an ongoing violation of federal law.

9

This Court has previously rejected a similar argument and held that a former inmate who was no longer in custody could not rely on *Ex parte Young* to assert claims against the State for purported constitutional violations that occurred while he was in custody. *Jones*, 971 F. Supp. 2d at 681. In *Jones*, the plaintiff, a former resident of Leflore County Restitution Center, filed suit against several state officials in their official capacity, alleging that his constitutional rights were violated when he contracted mycobacterium tuberculosis ("TB") while fulfilling the terms of his restitution at a chicken-processing plant. *Id.* at 675. The plaintiff sought to avoid Eleventh Amendment immunity by arguing that his damages, particularly, the contraction of TB, continued after his period of incarceration, thereby constituting a continuing violation of his constitutional rights. *Id.* at 681. This Court rejected that argument, specifically holding that "[a]lthough Plaintiff unquestionably has alleged an ongoing *injury* by asserting that he continues to suffer from TB, he has not alleged that an ongoing *violation* of federal law was committed by either [official]." *Id.* (emphasis in original).

*Jones* is instructive to the Court's analysis here. Like the *Jones* plaintiff, Towns seeks to implicate *Ex parte Young* based upon a purported ongoing *injury*, particularly a fear that he might be in danger should he disclose the purported assault. However, the purported violation of Towns' constitutional rights occurred when he was assaulted and threatened while he was in custody. And Towns has not alleged that the Officers have engaged in any threatening or intimidating acts since his release from custody. In contrast, Towns' allegations only concern isolated events that occurred several years ago while he was in custody. Thus, in the Court's view, Towns has only alleged past violations of his constitutional rights—not an ongoing violation of federal law. *See Papasan v. Allain*, 478 U.S. 265, 277-78, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (providing that "*Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed

to cases in which federal law has been violated at one time or over a period of time in the past. . ."); *Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 345 (5th Cir. 2013) (holding that a plaintiff was required to show "that the allegedly unconstitutional [event] was not a 'one-time, past event' but an ongoing violation."). The *Ex parte Young* doctrine is therefore inapplicable.

Because MDOC and the official capacity defendants are "arms of the state" for Eleventh Amendment purposes and no exception to Eleventh Amendment immunity is applicable, Towns' claims against these defendants must be dismissed.[3] Furthermore, the Court need not consider the merits of Towns' claims as to those defendants. *See Perez*, 307 F.3d at 332 (providing that "[t]he district court properly concluded that Eleventh Amendment immunity bars [the plaintiff's claim]. Thus, we need not reach the merits of this claim."); *Yul Chu*, 901 F. Supp. 2d at 770 (noting that "[c]ourts should address Eleventh Amendment immunity challenges prior to reaching the merits of a case.") (citation omitted).

---

[3] As noted above, the MSP Officers did not move for dismissal on Eleventh Amendment immunity grounds as to the claims asserted against them in their individual capacities. The United States Supreme Court has held that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer v. Melo*, 502 U.S. 21, 31, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Towns' individual capacity claims are therefore not subject to Eleventh Amendment immunity.

*Conclusion*

For the reasons set forth above, the Defendants' Motion to Dismiss [21] is GRANTED. Towns' claims against MDOC, MDOC Commissioner Pelicia Hall, MSP, MSP Superintendent Marshal Turner, MSP Deputy Warden Lee Simon, and all official capacity claims against Officers Eugene Shorter, Derrick Sanders, Sorrell Perry, Charles Wilson, Condarro Frieson, Melvin Hilson, and Isaac Scott are dismissed *without prejudice*.[4]  Towns shall be permitted to proceed on his individual capacity claims against those Officers.

SO ORDERED, this the 16th day of March, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[4] These claims are dismissed *without prejudice* in accordance with the Fifth Circuit's clear mandate that dismissal based upon Eleventh Amendment immunity "can be dismissed only under Rule 12(b)(1) and not with prejudice." *Tex. Tech Univ.*, 171 F.3d at 286 n.9; *see also Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017).