IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON TOWNS                                                                                           PLAINTIFF

V.                                                                           CIVIL ACTION NO. 4:19-CV-70-SA-JMV

MELVIN HILSON and
SORRELL B. PERRY                                                                                   DEFENDANTS

ORDER AND DEFAULT JUDGMENT

On May 2, 2019, Jason Towns initiated this action by filing his Complaint [1] against the Mississippi Department of Corrections ("MDOC"), MDOC Commissioner Pelicia Hall, the Mississippi State Penitentiary ("MSP"), MSP Superintendent Marshal Turner, MSP Deputy Warden Lee Simon, and numerous MSP Correctional Officers. Two of the correctional officers named in the Complaint [1] were Melvin Hilson and Sorrell B. Perry.

The Complaint [1] alleges that Towns, while an inmate of MDOC housed at the Mississippi State Penitentiary in Parchman, Mississippi, was assaulted by correctional officers, including Hilson and Perry. On March 16, 2020, the Court issued an Order and Memorandum Opinion [28], wherein, based upon Eleventh Amendment immunity, "Towns' claims against MDOC, MDOC Commissioner Pelicia Hall, MSP, MSP Superintendent Marshal Turner, MSP Deputy Warden Lee Simon, and all official capacity claims against Officers Eugene Shorter, Derrick Sanders, Sorrell Perry, Charles Wilson, Condarro Frieson, Melvin Hilson, and Isaac Scott [were] dismissed *without prejudice*." The Court specifically ordered, however, that "Towns shall be permitted to proceed on his individual capacity claims[.]" [28].

The Plaintiff completed service of process on Hilson by way of personal service on July 10, 2020. *See* [43]. Service was effectuated on Perry on July 22, 2020, when the process server left the summons and a copy of the Complaint with his mother, Kim Perry, at his residence. *See* [44].

Despite being served with process in compliance with the Federal Rules of Civil Procedure, neither Hilson nor Perry has filed an answer or otherwise appeared in this case. On September 3, 2020, the Clerk of this Court entered default against Hilson and Perry. *See* [51, 52].

Rule 55 of the Federal Rules of Civil Procedure authorizes a district court to enter a default judgment against a person who has failed to plead or otherwise defend a lawsuit filed against them. *See* Fed. R. Civ. P. 55. Here, the record reflects that both of these Defendants have been served with process but have not answered or otherwise appeared in this case. Because the Plaintiff has complied with all prerequisites as set forth in the Federal Rules of Civil Procedure, the Court finds that judgment should be entered in the Plaintiff's favor against Melvin Hilson and Sorrell B. Perry.

Accordingly, judgment is hereby entered in the Plaintiff's favor against Melvin Hilson and Sorrell B. Perry in their individual capacity, as to liability only. The Court will hold a separate hearing to determine the appropriate amount of damages to award against the defaulted Defendants. Plaintiff's counsel is instructed to contact the Court within five (5) days to schedule a hearing on damages.

SO ORDERED, this the 20th day of October, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE