IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JASON TOWNS                                                                                            PLAINTIFF

V.                                                              CIVIL ACTION NO. 4:19-CV-70-SA-JMV

MELVIN HILSON and
SORRELL B. PERRY                                                                                    DEFENDANTS

ORDER AND JUDGMENT

The Court has previously entered an Order and Default Judgment [56] in favor of Jason Towns against Melvin Hilson and Sorrell B. Perry. The Order and Default Judgment [56] was only as to liability. On May 17, 2022, the Court, in accordance with Rule 55(b) of the Federal Rules of Civil Procedure, held a hearing on damages.

*Relevant Background*

On August 3, 2016, while incarcerated at the Mississippi State Penitentiary ("MSP") in Parchman, Mississippi, Towns was assaulted by multiple MSP Officers. In its previous Order and Memorandum Opinion [28], the Court explained the underlying facts as follows:

> According to Towns, on August 3, 2016, while he was housed in MSP Unit 26B, MSP Officers Shorter, Sanders, Perry, Wilson, and Frieson entered the unit. Officer Perry instructed Towns to walk to the shower area. After Towns complied, the Officers surrounded him, and Officer Perry pushed him into the showers. With Towns' back forced against the wall, Officer Perry began choking and slapping him. At this time, Officer Frieson opened and closed a pocketknife in Towns' face, apparently attempting to intimidate him. The Officers then permitted Towns to leave the shower area but threatened to kill him if he told anybody about the incident.
>
> Towns reported the incident to another MSP Officer and was thereafter transferred to the hospital in Unit 42 to receive medical treatment. While Towns sat in a holding cell with approximately twenty other inmates, Officers Hilson, Perry, Shorter, Frieson, Wilson, Scott, and Sanders allegedly walked through the area and made verbal threats toward him. Towns alleges that the Officers

>then entered the holding cell, and Officer Shorter punched Towns in the head, causing him to fall to the floor. Officer Shorter then purportedly choked, kicked, and punched Towns while he was on the floor.

[28] at p. 1-2.

Although Towns originally named multiple defendants in this case, only Hilson and Perry remain as active Defendants.

*Testimony/Evidence from Damages Hearing*

Towns' testimony at the hearing was consistent with the factual allegations outlined above. Particularly concerning Perry, Towns testified that he choked him and took him to the bathroom, threw him in the shower and slapped him, threw him against the wall, and kicked him in his back and shoulder. He stated that Perry threatened to kill him if he told anybody about the assault. Towns testified that Hilson hit him in the face multiple times and hurt his ears, eyes, and his back. He further explained that Hilson called him "his bitch" and that while he was hitting him, Towns was going in and out of consciousness. According to Towns, approximately thirty people observed the assault.

Towns received medical treatment for the injuries inflicted upon him during the assault(s). The Court admitted extensive medical records into evidence at the hearing and notes that the information contained therein is consistent with Towns' testimony. For example, on one document he filled out on September 29, 2016, Towns stated that he "still can not hear out of my left ear had not had any hearing since August 3, 2016." [79], Ex. 1 at p. 137. At the hearing, Towns testified that he still suffers with the following issues: trouble with eyesight; ringing and stinging in his ears; nightmares; frequent headaches; inability to stand for long periods of time due to hip and back pain; and inability to lift heavy weight. In addition, he testified that he has been diagnosed with post-traumatic stress disorder.

2

According to Towns, prior to being incarcerated in 2007, he worked at Tri-Star Mechanical Plumbing and was a manager at Hardee's. He testified that he made approximately $30,000 to $40,000 per year. However, he is now unable to work due to the injuries inflicted upon him by Hilson and Perry, and he now receives approximately $750 per month in disability benefits. He has no other income.

Towns ultimately seeks from the Court an award of compensatory damages of $350,000.00 and an award of punitive damages for $200,000.00 against Hilson and $200,000.00 against Perry.

*Analysis and Discussion*

"Following a default judgment, a plaintiff bears the burden of proving his damages." *Yeager v. Brand*, 2018 WL 4689467, at *2 (N.D. Miss. Sept. 28, 2018) (citations omitted).

"The basic principle of compensatory damages is that the injured party should be made whole by being compensated fully for any losses he has sustained." *Jimenez v. Paw-Paw's Camper City, Inc.*, 2002 WL 257691 at *10 (E.D. La. Feb. 22, 2002) (quoting *Wilkerson v. Ingalls Shipbldg., Inc.*, 125 F.3d 904, 907 (5th Cir. 1997)). "[T]he elements of damages allowable in comparable common law tort actions for physical injury guide the determination of compensatory damages, which can include, among other things, damages for loss of earnings, pain and suffering, past and future medical expenses, and mental and emotional distress." *Johnson v. Williams*, 2018 WL 7324851 at *4 (N.D. Miss. Aug. 31, 2018) (citing *Carey v. Piphus*, 435 U.S. 247, 254, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); *Cowart v. Erwin*, 837 F.3d 444, 455 (5th Cir. 2016)).

The Court first notes that, although Towns testified that he received various medical treatment for the subject injuries, he did not personally incur any expenses associated with that treatment. Thus, there is no evidence that Towns has incurred, or will in the future incur, medical expenses associated with the subject injuries.

As to loss of earnings, the Court certainly has evidence before it that although Towns was making approximately $30,000 to $40,000 per year prior to incarceration, he is now physically unable to work and only receives approximately $750 per month in disability benefits (which amounts to $9,000 per year). Although recognizing that it is relatively speculative concerning whether the same employment opportunities would have been available to Towns upon release from custody, the Court finds that he should be entitled to *some* credit for loss of earnings. This is particularly true when considering that the calculation of damages does not require mathematical precision. *See*, *e.g.*, *Salinas v. Roadway Exp., Inc.*, 735 F.2d 1574, 1578 (5th Cir. 1984). Towns is currently forty years old. The Court finds it likely that, considering his previous income and his age, Towns could have at least earned some amount of money greater than he is currently receiving through disability benefits over the span of the next several years.

However, the bulk of the compensatory damages to which Towns is entitled comes from pain and suffering and mental and emotional distress. As noted above, Towns specifically testified that he continues to suffer from numerous physical issues because of the assault, including but not limited to loss of vision, frequent headaches, post-traumatic stress disorder, nightmares, hip and back pain, and an inability to engage in normal activities in which he could engage prior to the assault. The Court has reviewed the photographs of Towns' face and neck which were taken on the date of the assault. The photographs clearly show swelling on his face and neck area and are consistent with Towns' testimony.

Overall, the Court finds Towns' testimony to be credible and believes he is entitled to a compensatory damages award. Taking into account his testimony and the admitted evidence, the Court hereby awards Towns $250,000.00 in compensatory damages. The Court finds that this amount will compensate Towns for the injuries he incurred, thereby serving the underlying

4

purpose of compensatory damages. *See Jimenez*, 2002 WL 257691 at *10. Because Hilson and Towns were both responsible for inflicting Towns' injuries, the Court hereby specifically finds that they should be jointly and severally liable for the compensatory damages award.

That leaves the issue of punitive damages. During the hearing, Towns referred to a criminal case involving the assault. In fact, Hilson was indicted for his conduct. *See U.S. v. Hilson*, N.D. Miss. Cause No. 4:21-CR-66-MPM. That case is assigned to another Judge in this District; however, the Court notes that Hilson has now pled guilty to violating 18 U.S.C. § 242, which criminalizes deprivation of rights under color of law. The Court is unaware of any pending criminal charges against Perry for the underlying conduct.

Considering Towns' testimony, the Court finds that punitive damages are warranted, as there is clear and convincing evidence that Hilson and Perry's conduct was intentional, willful, and reckless. *See*, *e.g.*, *Clayton, et al. v. City of Oxford, Miss., et al.*, N.D. Miss. Cause No. 3:21-CV-174-GHD, Dkt. [64] (May 26, 2022) (awarding punitive damages in the amount of $1,000,000 after finding that the defendant's actions "were intentional, wanton, willful, and reckless."); *see also Grand Biscayne 670, LLC v. 14510 Lemoyne Blvd., LLC*, 2019 WL 1714477, at *3 (S.D. Miss. Apr. 17, 2019 (quoting *Am. Funeral Assur. Co. v. Hubbs*, 700 So.2d 283, 286 (Miss. 1997)) ("To recover punitive damages, the defendant must have 'acted with (1) malice, or (2) gross negligence or reckless disregard for the rights of others.'") (additional citation omitted).

Here, the Court finds that an award of punitive damages of $50,000 against each Defendant is warranted. Specifically, the Court finds that such an award will serve to punish the Defendants and deter similar future conduct. *See*, *e.g.*, *Abel v. Allstate Prop. and Cas. Ins. Co.*, 2015 WL 1292220, at *5 (N.D. Miss. Mar. 23, 2015) (noting that the "purpose of punitive damages is to

punish a tortfeasor and deter others"). The Defendants' conduct was egregious, willful, and reckless, and a punitive award is justified.

*Conclusion*

For the reasons set forth above, Towns is hereby awarded compensatory damages against Melvin Hilson and Sorrell B. Perry in the amount of $250,000.00. Hilson and Perry shall be jointly and severally liable for this amount.

Towns is hereby awarded punitive damages against Melvin Hilson in the amount of $50,000.00. Likewise, Towns is hereby awarded punitive damages against Sorrell B. Perry in the amount of $50,000.00. Hilson and Perry shall each be individually liable for the respective punitive awards against them. This CASE is CLOSED.

SO ORDERED, this the 23rd day of August, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE